## Commonwealth v. Walago.

*Criminal law and practice — Motion for arrest of judgment — Delay by defendant—Preliminary hearing—Waiver—Act of May 27, 1919.*

1. A defendant has a right to waive a preliminary hearing. A legislative intent to abrogate such a right should be clearly stated. The Act of May 27, 1919, P. L. 306, does not show such a clear intention.

2. All objection to regularity on commitments should be made forthwith, and it is too late to move to quash an indictment after giving bail to appear.

3. Where a defendant charged with an assault upon a constable endeavoring to serve a legal warrant waits for four months until after indictment by the grand jury and trial in the Quarter Sessions, and then moves for arrest of judgment on the ground that the return and transcript of the justice do not show a "full hearing and investigation, etc.," the motion will be dismissed. No man can take advantage of his own wrong. To sustain such a motion after the defendant had waived hearing and then delayed for such a time would work a grave injustice to the Commonwealth.

Motion for arrest of judgment. Q. S. Wayne Co., Oct. Sess., 1921, No. 24.

*Mumford & Mumford*, for motion; *M. E. Simons*, District Attorney, contra.

SEARLE, P. J., April 10, 1922.—On Oct. 19, 1921, an indictment was found against the defendant for an assault upon one A. B. Walker, a constable of Salem Township, while having a legal warrant and in an endeavor to serve the same, etc.

The case was set down for trial for Oct. 24th of the following week.

On Oct. 24th, upon the case being called for trial, defendant, through her counsel, Mumford & Mumford, moved to quash the indictment for the following reasons:

"1. That the return of the justice and transcript in this case does not show on its face a compliance with the provisions of the Act of May 27, 1919, P. L. 306, namely, that the justice entered into a full hearing and investigation of the facts charged, and that he, the justice, found the prosecution reasonably well founded.

"2. That the return of the justice and transcript in the above stated case does not show on its face that he had any hearing whatever in the above stated case before binding over the defendant."

The motion to quash was dismissed, the trial was proceeded with, and on Oct. 28, 1921, the defendant was properly convicted of an assault and battery upon an officer.

On Nov. 14, 1921, a motion for arrest of judgment was made for the following reasons:

"1. The transcript returned by the justice of the peace in this case does not conform with the Act of Assembly of May 27, 1919, P. L. 306.

"2. The justice did not enter into a full hearing and investigation of the facts charged before binding the defendant over to the Court of Quarter Sessions.

"3. The justice did not find that the prosecution was reasonably well founded, or that he was so satisfied from the evidence before he bound over the defendant to the Court of Quarter Sessions."

Though our rule of court provides that reasons for new trial and in arrest of judgment must be made within four days after verdict, yet we will dispose of the motion as if in time.

Defendant's attorneys, in support of their motion, cite the Act of Assembly of May 27, 1919, P. L. 306, also Com. *v.* Mellott, 30 Dist. R. 164, and Com. *v.* Mainieri, 21 Luzerne Legal Reg. 107.

2 D. & C.

The 2nd section of the Act of 1919, above cited, in so far as it permits the justice to impose costs upon a discharged defendant, appears to us to be unconstitutional. See Com. v. Bossler, 29 Dist. R. 171. We find no constitutional defects in the 1st section.

Upon examination of the transcript of the justice, we find the information was made on June 13, 1921; that on June 20, 1921, "the defendant appearing with her attorney, J. O. Mumford, hearing is waived. $300 bail was fixed by the justice for the appearance of the defendant at the next term of Quarter Sessions to be held at Honesdale for the County of Wayne. Recognizance signed by the defendant and Anthony Walago."

Judge Strauss, in the case of Com. v. Mainieri, 21 Luzerne Legal Reg. 107, decided that even though a defendant waived a hearing and gave bail to appear, an indictment will be quashed upon failure by the justice to have a hearing as provided by said Act of 1919. We have the highest regard for Judge Strauss's opinions, but we cannot agree with defendant's counsel that his quashing the indictment in that case should be a precedent in this case.

The defendant waited four months and until the witnesses for the Commonwealth were brought before the grand jury and the indictment found, then waited after the adjournment of the grand jury and the time fixed by the court for trial the following week, when witnesses were again brought to court, before making his motion to quash. The policy of the law directs that all objections to regularity on commitments should be made forthwith, and that it is too late to make a motion to quash an indictment after giving bail to appear. See Com. v. Snyder, 21 Dist. R. 731; Com. v. Brennan, 193 Pa. 567, and Com. v. Dingman, 26 Pa. Superior Ct. 615.

A defendant has a right to waive a hearing (Com. v. Keck, 148 Pa. 639), and if this act intended to deprive him of that right, it should have been clearly stated.

To permit a defendant to appear with his attorney and waive a hearing, and then, after waiting the time shown in this case, and costs and expenses made by the Commonwealth in bringing witnesses twice to court, and an indictment found and the case set down for trial, and then for the same attorney to move to quash the indictment, would contravene the principle "that no man shall take advantage of his own wrong," and would open the way for sharp practices and the deception of complacent or uninformed magistrates and permit the guilty to escape punishment. We cannot think this is contemplated by the Act of 1919.

We think this act should be limited to cases commonly known as assault and battery. The charge of the offence in the indictment in the above stated case in the criminal code is not even included under the head of "Assault and Battery," but will be found under the heading of "Obstructing Process."

To sustain the motion in arrest of judgment would work a grave injustice to the Commonwealth, and we decline to be a party to such an action.

Now, April 10, 1922, the motion for arrest of judgment is dismissed, at defendant's costs, and the defendant is required to present herself forthwith that judgment of the court may be entered upon the verdict of the jury. And an exception is noted for the defendant to this order, and overruled, and bill sealed.

From A. G. Rutherford, Honesdale, Pa.