Commonwealth *v.* Keck, Appellant.

*Criminal law—Murder—Evidence—Testimony of deceased witness at preliminary examination.*

In a murder trial, evidence is admissible of the testimony of a deceased witness taken before the committing magistrate at a preliminary hearing in the presence of the accused and his counsel, the witness having been cross-examined by the counsel for the accused, although the defendant had waived a hearing: Commonwealth v. Cleary, 148 Pa. 26, approved.

*Preliminary hearing—Waiver of by defendant—Right of commonwealth.*

The defendant in a criminal prosecution may waive a hearing before the magistrate so far as his interests are concerned; but he cannot by so doing interfere with the right of the commonwealth to institute such preliminary examination before a committing magistrate.

Argued April 18, 1892.   Appeal, No. 413, Jan. T., 1892, by defendant, William F. Keck, from sentence and judgment of court of O. & T., Lehigh Co., Jan. Sess., 1892, No. 37, on verdict of guilty of murder in the first degree.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trial for murder.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the admission of the evidence referred to in the opinion, quoting the offer but not the testimony.

*J. Marshall Wright, E. J. Lichtenwalner* with him, for appellant.

*Marcus C. L. Kline, Harry G. Stiles,* district attorney, and *John L. Schwartz* with him, for appellee.

PER CURIAM, April 25, 1892:

We do not think it was error to admit in evidence what William Nipsch testified to at a preliminary examination of the appellant.   The witness was deceased at the time of the trial, and his testimony at the examination referred to was taken in the presence of the appellant and his counsel.   Moreover, he was cross-examined at length by the appellant's counsel.   That evidence, taken under such circumstances, may be admitted upon the trial, is settled by numerous authorities.   It is sufficient to

refer to Commonwealth v. Cleary from the oyer and terminer of Clinton county, decided at the present term [148 Pa. 26], where the subject is discussed at some length. It was urged, however, that the case in hand does not come within this ruling, for the reason that the preliminary examination was unnecessary, inasmuch as the appellant waived a hearing. This argument, however, is without force. While the defendant in a criminal prosecution may waive a hearing before the magistrate, so far as his interests are concerned, he cannot, by doing so, interfere with the right of the commonwealth to institute such preliminary examination before a committing magistrate. The ends of public justice may imperatively require such a preliminary investigation, and as many meetings or hearings may be held as public justice requires. In this case there was a manifest necessity for such hearing. The fact that the witness was not sworn before the examination commenced is immaterial. He was subsequently sworn, and his testimony repeated. No portion of it taken prior to the oath being administered, was admitted in evidence by the court below.

The judgment is affirmed, and it is ordered that the record be remitted to the court below for the purpose of execution.