206     277
32 SC ¹622

# Commonwealth *v.* Lenousky, Appellant.

*Criminal law—Murder—Evidence—Testimony taken before a justice of the peace.*

On the trial of an indictment for murder against a man who did not understand the English language, the testimony of an absent witness given at a preliminary hearing before a justice of the peace, in the presence of the prisoner and in the language which he spoke and understood, is not admissible, where it appears that the prisoner was not represented by counsel at the preliminary hearing, and was not informed of his right to cross-examine. The admission of such testimony, however, does not call for a reversal, where the only statement contained in the testimony which could affect the prisoner injuriously was abundantly established at the trial by other testimony, and was virtually admitted by the prisoner himself.

Argued March 16, 1903.   Reargued April 28, 1903.   Appeal, No. 48, Jan. T., 1903, by defendant, from judgment of O. & T. Luzerne Co., April T., 1902, No. 102, on verdict of guilty of murder in the first degree in case of Commonwealth v. Peter Lenousky.   Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ.   Affirmed.

Indictment for murder.   Before WHEATON J.

At the trial it appeared that on the night of February 11, 1902, Anthony Senik, a miner, was murdered in the Exeter mines.   Peter Lenousky and Victor Zorambo were arrested for the killing, and each charged the other with the murder.   The testimony tended to show that they combined to do the killing for the purpose of robbery.   At the trial the court admitted in evidence the stenographic testimony of Barney Polikitis given at a preliminary hearing in the office of the committing magistrate.

The court charged in part as follows:

[Gentlemen, whether Anthony Senik was murdered, is a fact for your determination.   There seems to be no question, however, that such is the fact.   He was found with his skull crushed and near him the bloody ax which in all likelihood was the weapon used to commit the crime.   There was nothing about

the chamber to indicate death by accident.    To those of us who live in the anthracite coal fields and who know the dangers to life and limb which the anthracite miner is bound to face in the ordinary pursuit of his calling, there is an added horror in the thought that it can be possible that out of the darkness of the mine may come to him sudden death at the hands of the robber and the murderer.]

Verdict and judgment of murder in the first degree.

*Errors assigned* were admission of testimony as above and portion of charge as above, quoting it.

*P. L. Drum* and *C. B. Lenahan,* for appellant.—The test is not the mere opportunity that the presence of the accused would afford for cross-examination, but there must be full opportunity—such opportunity as the accused would understand : Com. v. McLain, 99 Pa. 86 ; Howser v. Com., 51 Pa. 332 ; People v. Greenwall, 108 N. Y. 296 (15 N. E. Repr. 404).

*B. R. Jones,* for appellee.—The admission of the testimony of the absent witness was not erroneous : Com. v. Richards, 35 Mass. 434 ; Territory of Idaho v. Evans, 7 L. R. A. 646 ; State v. McO'Blenis, 24 Mo. 402 ; Summons v. State, 5 Ohio St. 325 ; Com. v. Cleary, 148 Pa. 26.; Com. v. Keck, 148 Pa. 639 ; Brown v. Com., 73 Pa. 321 ; U. S. v. Macomb, 5 McLean, 286 ; Magill v. Kauffman, 4 S. & R. 317 ; Cazenove v. Vaughan, 1 Maule & Selwyn 4.

OPINION BY MR. JUSTICE FELL, May 18, 1903 :

At a preliminary hearing before a magistrate at which the prisoner was present, a witness was called by the district attorney and testified on behalf of the commonwealth in the language spoken and understood by the prisoner.    Three weeks before the trial in the oyer and terminer this witness left the place where he had resided for several years, and a diligent search made by the court's officers failed to disclose where he had gone.    At the trial, under objection made by the prisoner's counsel, the stenographic notes of the testimony of this witness, duly verified by the interpreter and the stenographer,

were read to the jury. The admission of this testimony is the subject of the first assignment of error, and gives rise to a question of grave importance in the administration of the criminal law.

Its admission is not sanctioned by section 3 of the Act of May 23, 1887, P. L. 158, because it was not taken in a court of record ; and if it was admissible it is for reasons irrespective of that act. Testimony of this kind has been admitted in cases where the right of cross-examination had been exercised or had been waived. In Brown v. Commonwealth, 73 Pa. 321, the notes of the testimony of a deceased witness for the commonwealth taken at a hearing before a justice of the peace were read to the jury. It does not appear in the report of the case that the witness was cross-examined, but in referring to this case it is said in the opinion in McLain v. Commonwealth, 99 Pa. 86, that the prisoner was represented by counsel and " full opportunity was thus given for cross-examination of the witness." In Commonwealth v. Keck, 148 Pa. 639, on a trial for murder, the admission of proof of testimony of a deceased witness taken before a committing magistrate at a preliminary hearing was sustained on the ground that the testimony was taken in the presence of the prisoner and his counsel, and the witness was cross-examined.

These cases go to the extent only of approving the admission of the testimony where the right of cross-examination has been exercised or where it has been waived, with knowledge on the part of the prisoner—presumed from the presence of his counsel—that he had the right. In this case the prisoner was not represented by counsel, and was not informed of his right to cross-examine. The only testimony on this point is that of the magistrate, who when he was asked what opportunity, if any, the defendant had to cross-examine the witness, answered : " He had an opportunity if he wanted to, he was there, he listened to the whole thing, he understood it." But this opportunity amounted to nothing. The prisoner was a foreigner, acquainted with the language of the witness but not with that in which the proceedings were conducted, and ignorant of their nature and of his rights under them. There could be no waiver without knowledge, and the circumstances all indicate that the prisoner did not know of his right. In admitting the testi-

mony the court went a step in advance of the rule established by our cases. This we are unwilling to sanction.

. The admission of this testimony does not however call for a reversal of the judgment. The only statement contained in it that could by any possibility affect the prisoner injuriously was that his pipe was found in the mine near the face of the chamber in which the murder was committed. That a pipe that once belonged to the prisoner was found at this place was abundantly established at the trial by other testimony that was entirely uncontradicted, and the prisoner himself admitted on the witness stand that the pipe was his, but claimed to have loaned it to Zorambo who, he alleged, was in the chamber. When this testimony was offered, no objection was made to it on the ground that any part was incompetent or elicited by leading questions. A motion was afterwards made to strike it out for these reasons. The court then allowed the counsel for the prisoner an opportunity to examine the testimony and to make specific objections to any part of it. This was not done and the motion was not pressed.

The second assignment of error does not require notice. The case was carefully and ably tried, and the record discloses no error except in the admission of the testimony referred to.

The judgment is affirmed, and it is directed that the record be remitted to the court of oyer and terminer of Luzerne county for the purpose of execution.