Commonwealth *v.* Bradley.

Argued March 13, 1933.

Before Trexler, P. J., Keller, Cunning-
ham, Baldrige, Stadtfeld, Parker and James, JJ.

*Carl B. Shelley*, Assistant District Attorney, and
with him *Karl E. Richards*, District Attorney, for ap-
pellant.

*Sydney G. Handler,* for appellee.

Opinion by Trexler, P. J., July 14, 1933:

The defendant was tried for perjury. The founda-
tion of the charge is found in the following facts: On
April 19, 1932, a search warrant was issued and Rus-
sell Alexander was taken into custody charged with
the unlawful sale of intoxicating liquor. On the same
day a hearing was had before an alderman and,
Edward Bradley, the defendant in the present case,
was sworn and testified that he had purchased liquor
from Alexander at his residence in Harrisburg. Some-
time thereafter while the defendant was confined in
the Dauphin County Prison on another charge, Alex-
ander's attorney asked him to tell him the truth as

to whether he actually bought liquor from Alexander. The defendant said that the truth was that he did not. Whereupon he was asked whether he would sign a sworn statement to that effect. Defendant said he would. The statement was then reduced to writing and sworn to before a Notary Public, the deponent alleging that the testimony given before the alderman was untrue. Alexander then brought the present charge against the defendant setting forth that he had made a false statement before the alderman and in doing so had committed perjury. On the trial Alexander testified that he had never furnished any liquor to Bradley and in corroboration of the truth of this assertion, Bradley's sworn statement, made in jail, attested by the notary was admitted and the witness present, when the statement was made, testified that Bradley had admitted the falsity of the statement made in the alderman's office. The jury found the defendant guilty. The majority of the court below, upon application on the part of the defendant for a new trial, held that the evidence was not sufficient to convict. The President Judge filed a dissenting opinion. The case is reported in 17 D. & C. 571. The matter before us narrows down to the question whether the admission or confession of Bradley in connection with the testimony of Alexander is sufficient to support the charge. There is no Pennsylvania case decisive of the matter.

The general rule is that the testimony of a single witness to the falsity of the matter on which the perjury is assigned, is insufficient to convict on a charge of perjury. Two witnesses however are not essential. One witness and corroboration is sufficient. Williams v. Com., 91 Pa. 493; Com. v. Rogo, 71 Pa. Superior Ct. 109-115; Com. v. DeCost, 35 Pa. Superior Ct. 88 and Com. v. Bobanic, 62 Pa. Superior Ct. 40. It has been repeatedly ruled that two or more contradictory state-

ments of the defendant standing alone without anything else will not sustain a charge of perjury. The authorities to this effect are collected in L. R. A. 1917 C 58 and L. R. A. 1918, 927 and 21 R. C. L. 271. This is true whether such statements were made under oath or not, or whether they were spoken or contained in writing. When such statements are made under oath, there is no doubt that the person making them has committed perjury, but the difficulty is as to which of the two statements is the false one. "A different question would be presented were it permissible to charge perjury in the alternative without being required to elect as between the two contradictory statements. The question, however, upon this hypothesis does not seem to have arisen in any reported case probably because the premise is untenable." Comment of the annotator in L. R. A. 1917 C 58.

We have referred at some length to the above rule as to the insufficiency of contradictory statements unsupported by other testimony for the reason that the opinion of the lower court cites a number of cases that recognize the rule but, as stated by the President Judge in his dissenting opinion, do not support the conclusion reached by the court, that one witness and the confession or admission by the defendant are not sufficient corroboration to sustain the charge, and to require the submission of the case to a jury. We all agree there was sufficient testimony in this case to submit the matter of defendant's guilt to the jury, and that the verdict of guilty should no be set aside. We quote from L. R. A. 1918 E 928, 929: "The rule is well established, without a decision to the contrary, that proof that one accused of perjury made statements which conflict with the statement upon which the perjury is founded, is sufficient corroboration of a single witness, so as to warrant a conviction. And this seems to be true, whether the contradictory statements

proved were under oath or not, or whether they were spoken or were contained in a writing." "The direct oath of one witness and the declaration or statements of the prisoner himself may be sufficient to warrant a conviction." 21 R. C. L. 272; see 85 American Decisions 498, 21 American Reports 365, 48 C. J. 905, Sec. 174, 2 Wharton's Criminal Law (11th Ed.) Sec. 1583, L. R. A. 1918 E 927. The cases cited in these publications give overwhelming support to the proposition. We will not attempt an extended review of the cases, but will merely refer to some of those appearing in the briefs of the appellee and in the opinion of the court below in order to call attention to the fact that they do not support the conclusion reached by it. In Greenleaf on Evidence, Vol. 1, Section 259, it is said: "If the evidence adduced in proof of the crime of perjury consists of two opposing statements of the prisoner, and *nothing more,* he cannot be convicted." The words "nothing more" are significant and the sentence quoted gives no sanction to the position taken by the court below. In Schwartz v. Com., 21 Amer. Reports 365; the only testimony submitted was the two contradictory statements of the defendant. There was no evidence of a supporting witness as in the present case. The same is true in Reg. v. Boulter, 9 L. Eq. Rep. 537, 3 Car. & K., 236 and in State v. Buckley 22 Pac. 838 (Oregon); State v. Hunter, 80 S. W. 955. In the last named case the admission was excluded because improperly secured. In State v. Blize, 20 S. W. 210, the defendant was accused of perjury in the trial of Knatzer charged with seduction. At the Knatzer trial defendant swore he had had illicit relations with the girl. On the trial for perjury the girl denied this. The defendant had testified on the preliminary examination in the Knatzer case that he knew nothing against the character of the girl. The evidence of the girl and the conflicting statement of the defendant were held

to be sufficient to sustain the conviction. Paterson v. State, 74 Alabama, 34, sustains the principle that no matter how many contradictory statements the defendant may make they are not sufficient to convict unless there is corroborative proof of the corpus delicti, and does not apply to the present case. The cases of Dodge v. State, 24 N. J. L. R. 455; Powell v. State, 59 So. 328; Davis v. State, 67 S. E. 839; Brooks v. State, 121 S. W. 740 are all to the same effect. The lower court lays stress on the fact that in these cases the defendants made conflicting statements on more than one occasion. We do not think that it makes any difference whether a contradictory statement was made only once or several times. If a defendant were to deny having made such statement, obviously the proof of his having made it would be stronger if it were shown that he had repeated the statement, but the fact that he only made it once does not deprive it of its effect, if believed. Whether such statement was made would be for the jury and in the present case the defendant did not deny having made the contradictory statement, but alleged at the trial that it was false.

In State v. Buckley, supra, which appellee cites as an adjudication of the specific question in favor of the defendant. Buckley, at the trial of Brown, who was charged with assaulting Buckley with a weapon, testified he could not remember who struck him. He had told two policemen that Brown had struck him. Being charged with perjury these contradictory statements alone were not sufficient to convict Buckley. The case is not analogous to the present. A further review of the remaining cases cited by the court below and the appellee would serve no useful purpose. None of them sustain the conclusion reached. In the preparation of this opinion we have freely used the dissenting opinion of the learned President Judge of the court below.

The order of the lower court setting aside the verdict of the jury and granting a new trial is reversed, the verdict and sentence (except the order of restitution of property stolen inadvertently inserted) is reinstated and the record is remanded so that the sentence may be carried into effect.