## Commonwealth *v.* Sumrak, Appellant.

Argued October 6, 1941.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

Indictment for perjury. Before GRAFF, P. J., specially
presiding.

*William S. Burleigh,* for appellant.

*Russell H. Adams,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY KENWORTHEY, J., April 15, 1942:

Mark Sumrak has appealed from a conviction of perjury under the Penal Code.[1] The indictment alleged that on June 2, 1940, while testifying under oath before a Grand Jury, he swore falsely that he did not know what he was signing when he signed a Communist Party petition. To support the conviction, the Commonwealth proved: (1) That when he subsequently testified at the trial in *Commonwealth v. Antico et al.,* 146 Pa. Superior Ct. 293, 22 A. (2d) 204, he testified under oath that he *did* know what he was signing when he signed the petition;[2] and (2) that the petition he signed clearly indicated on its face that it was a Communist Party Nomination Petition, from which the Commonwealth argues the inference may be drawn that

---

[1] Act of June 24, 1939, P. L. 872, Sec. 322, 18 PS 4322.

[2] The testimony before the Grand Jury was as follows: "Q. Did you know what that was when you signed it? Who asked you to sign it, Mrs. Sumrak? A. No. Q. Would you have signed it had you known it was a petition for the Communist Party? A. No." The testimony at the trial was as follows: "Q. Now, when you signed that, did you know that was a nomination paper of the Communist Party? A. Yes. Q. You did? A. Yes. Q. Did you know what that was when you signed it? A. Yes, I did."

he knew what it was. The question is whether this evidence is sufficient to sustain the conviction.

The general rule is that to sustain a conviction of perjury the Commonwealth must offer either two witnesses to the falsity of the matter on which the perjury is assigned or one witness and corroboration. *Commonwealth v. Bradley*, 109 Pa. Superior Ct. 294, 296, 167 A. 471, and cases cited. In discussing the rule as applied to a case where, as here, defendant is shown to have made two conflicting statements *under oath*, Professor Wigmore says:[3] "It seems clear that the rule here suffers an exception, and that by mere comparison the jury may determine the falsity. The purpose of the rule is to protect the accused from the false testimony of a single witness swearing against him; here no attempt is made to condemn him upon the credit of another person; the rule's protection is not needed; and the rule should fall with its reason." We said (TREXLER, P. J.) in *Commonwealth v. Bradley*, 109 Pa. Superior Ct. 294, 297, 167 A. 471: "When such [conflicting] statements are made under oath, there is no doubt that the person making them has committed perjury, but the difficulty is as to which of the two statements is the false one. 'A different question would be presented were it permissible to charge perjury in the alternative without being required to elect as between the two contradictory statements ......'" In that case, defendant testified before an alderman that he had purchased intoxicating liquor from one Alexander, who was charged with the unlawful sale of intoxicating liquor. He subsequently made an affidavit to the effect that he had not made such purchase. Alexander testified that the statement before the alderman was false and this court held that his testimony, to-

[3] 7 Wigmore, Evidence (3d ed. 1940) Sec. 2043, see Appellee's Brief, p. 3.

gether with the conflicting statement under oath, was sufficient to sustain the conviction.

If the person who circulated the petition and procured defendant's signature to it had testified that he had definitely told him what the petition was, this case would be on all fours with the Bradley Case. But if we adopt the premise that there is no doubt that a person making conflicting statements under oath has committed perjury, and accept Professor Wigmore's suggestion that the "two witness" rule has no application, the problem is freed from any entanglement with it and becomes the simple one of determining whether there is *some* competent evidence from which the jury might find that the perjury was committed on the occasion charged in the indictment—July 2, 1940, when defendant testified before the Grand Jury, and not at the subsequent trial. And we agree with the lower court that the evidence was supplied by proof of the circumstances under which the petition was signed. Even though in a criminal case there may be no presumption, when a man who is an adult, who is apparently possessed of all his faculties and who is apparently able to read and write, signs a paper clearly indicating on its face what it is, the jury may properly infer that he knew what he was signing. *People v. Dunbar Contracting Co.,* 215 N. Y. 416, 109 N. E. 554; *Bettman v. United States,* 224 Fed. 819, 828, cert. denied, 239 U. S. 642.

Appellant points out that in the Bradley Case defendant's affidavit was treated as *corroboration* of the testimony of the witness Alexander and not itself the evidence *to be corroborated.* But we have indicated what we consider to have been the true basis of the decision. The point is, we repeat, that the commission of perjury is proven by the conflicting statements under oath without more and that the problem is

simply one of determining whether it was committed on the occasion charged.

Appellant argues that proof of defendant's second statement made at the Antico trial was in the nature of a confession and was inadmissible until after proof of the corpus delicti. We think the contention is without merit. The proof of the statement at the trial was not proof of a confession. It was merely the testimony of a witness who had recorded defendant's statement at the trial and was evidence of conduct by defendant which tended to establish the commission by him of the crime charged. It was similar to evidence that a person charged with a crime had been seen running from the scene, or proof that he was found in possession of stolen goods, or proof that he was found in possession of the weapon which by the science of ballistics was shown to have fired the lethal shot. Such evidence is admissible to *prove* the corpus delicti. *Commonwealth v. Hadok*, 313 Pa. 110, 169 A. 111; *Lanahan v. Commonwealth*, 84 Pa. 80, 86; 2 Wigmore, Evidence Secs. 266, 273-276.

*Commonwealth v. Haines*, 130 Pa. Superior Ct. 196, 196 A. 621, upon which appellant relies, is not in point. In that case, it was charged that defendant, in registering for an election, made a false affidavit that he was born in the State of Louisiana. The only proof of perjury was the testimony of two witnesses who said that he had subsequently told them he was a native West Indian. These statements were not made under oath.

The assignments of error are overruled. The judgment is affirmed and it is ordered that the appellant Mark Sumrak appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with his sentence or any part of it that had not been performed at the time the appeal was made a supersedeas.