Commonwealth *v.* Mudd, Appellant.

Argued April 12, 1954.   Before HIRT, ROSS, GUN
THER, WRIGHT and ERVIN, JJ. (RHODES, P. J. and
WOODSIDE, J., absent).

*Louis C. Glasso,* for appellant.

*Charles D. Coll,* with him *Harry A. Estep,* Deputy Attorneys General, and *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY WRIGHT, J., August 30, 1954:

Thomas Mudd, a police officer and member of the so-called Vice Squad of the City of Pittsburgh, was convicted on indictments for perjury and obstructing justice. The court below refused his motions in arrest of judgment and for a new trial. Sentence was imposed on the conviction for perjury, and suspended on the conviction for obstructing justice. These appeals followed.[1]

On March 15, 1949, Mudd apprehended Hawkins and Baer in the men's room of a restaurant and charged them with sodomy. At the preliminary hearing before the magistrate the next day, Mudd testified that he saw Hawkins committing sodomy on Baer and that Baer "admitted this to me last night". On April 11, 1949, Mudd testified before the grand jury that Hawkins and Baer "were scuffling" and Baer said Hawkins had "grabbed him by the penis and wanted to commit sodomy", and that there was "no evidence against Baer whatsoever". The indictments against Mudd, which were not returned until April 2, 1952, allege that Mudd's perjury took place before the grand jury.

The contentions of counsel for appellant are (1) that the evidence was insufficient to establish guilt beyond a reasonable doubt; (2) that the evidence was insufficient to establish that the perjury was committed before the grand jury as charged in the indictments;

---

[1] The Commonwealth does not question the taking of an appeal from the suspended sentence. See *Commonwealth v. Trunk,* 311 Pa. 555, 167 A. 333; *Commonwealth v. Haines,* 130 Pa. Superior Ct. 196, 196 A. 621.

(3) that statements made by Hawkins and Baer in Mudd's presence during the magistrate's hearing were improperly received in evidence, Hawkins and Baer themselves not having been called as witnesses; (4) that the statute of limitations applicable to the offense of obstructing justice is two years, not six years as decided by the lower court. In our view of the case it will not be necessary to pass upon the third and fourth contentions.

(1) We will assume arguendo that appellant's testimony before the grand jury was materially different from his testimony before the magistrate so far as Hawkins was concerned.[2] Clearly appellant's statements as to Baer were diametrically opposed. The conflicting statements establish that perjury was committed. The general rule that the Commonwealth must offer either two witnesses to the falsity, or one witness and corroboration, is not applicable where the defendant makes two conflicting statements under oath: *Commonwealth v. Sumrak*, 148 Pa. Superior Ct. 412, 25 A. 2d 605. The necessary elements of the crime of perjury appear in the Commonwealth's testimony. See *Commonwealth v. Billingsley*, 160 Pa. Superior Ct. 140, 50 A. 2d 703; affirmed 357 Pa. 378, 54 A. 2d 705. In a criminal prosecution it is never the duty of the Commonwealth to prove guilt to a mathematical certainty: *Commonwealth v. DePetro*, 350 Pa. 567, 39 A. 2d 838.

(2) Although the making of two conflicting statements under oath establishes perjury, the Commonwealth nevertheless has the burden of adducing some competent evidence from which the jury may find that

---

[2] Appellant did not completely exculpate Hawkins before the grand jury. "Question: Hawkins should actually be charged with solicitation and no charge against Malcolm Baer. Answer: That's right".

the perjury was committed on the occasion charged in the indictment: *Commonwealth v. Sumrak,* supra, 148 Pa. Superior Ct. 412, 25 A. 2d 605. "When such statements are made under oath, there is no doubt that the person making them has committed perjury, but the difficulty is as to which of the two statements is the false one": *Commonwealth v. Bradley,* 109 Pa. Superior Ct. 294, 167 A. 471. To establish that appellant testified falsely before the grand jury, the Commonwealth relied solely upon the statements at the hearing before the magistrate. The statement of Hawkins was, "I met this man (Baer) last night at the Greyhound Bus Station. I was never arrested before". The statement of Baer was, "I was passing through Pittsburgh. This is not true".

As we understand the theory of the Commonwealth in this type of prosecution, an express admission of guilt by the sex defendant before the magistrate, or an admission implied from failure of the sex defendant to deny the accusation of the police officer at the magistrate's hearing, see *Commonwealth v. Vallone,* 347 Pa. 419, 32 A. 2d 889, is sufficient to support a finding by the jury that the perjury of the officer took place before the grand jury when he there exculpated the sex defendant. In the case at bar, however, we do not agree that the equivocal statement made by Hawkins is evidence of the truth of appellant's testimony before the magistrate, particularly in the light of Baer's categorical denial. If any inference can be drawn from the latter circumstance, it would be that appellant testified truthfully before the grand jury. Our conclusion therefore is that appellant's second contention must be sustained.

The judgments are reversed and the defendant is discharged.

Hirt, J. dissents.