Commonwealth *v.* Russo, Appellant.

Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*S. V. Albo,* for appellants.

*William Claney Smith,* Assistant District Attorney, with him *Herbert B. Cohen,* Attorney General, *Charles D. Coll* and *Harry A. Estep,* Special Deputy Attorneys General, *William H. Colvin,* Deputy Attorney General, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY MR. JUSTICE BELL, April 15, 1957:

Four defendants were indicted for obstructing public justice and for perjury. The jury convicted all of them of obstructing justice and two of them of perjury. Their appeals were reviewed and, with one exception, correctly decided by the Superior Court in an able comprehensive opinion by Judge HIRT.* We allowed an allocatur in the case of *Commonwealth v. Russo et al.*

Defendants were police officers of the City of Pittsburgh and members of a special detail known as the Vice Squad. Although the defendants were tried separately, their appeals were argued together before the Superior Court and before us, and we may appropriately dispose of them in this one opinion.

The crucial question is whether Tanser was convicted of perjury upon evidence which violated his constitutional right of confrontation of witnesses. Tanser testified at the magistrate's hearing that George Garis solicited him to commit sodomy, giving the time and place of solicitation. Tanser testified at the Grand Jury hearing and denied any such solicitation by Garis, consequently the Grand Jury did not have sufficient

---

* 177 Pa. Superior Court 470, 111 A. 2d 359.

evidence to indict Garis. . As a result of Tanser's testimony before the Grand Jury, he was indicted for "wilfully, falsely, knowingly and corruptly swearing *at the January (1951) Sessions of the (indicting) Grand Jury* that George Garis had not solicited the said Alan Tanser to commit oral sodomy with him."

The stenographer who took "some" notes of testimony—those portions which she deemed to be important—at the magistrate's hearing, and the stenographer who took the notes of testimony at the (indicting) Grand Jury hearing, were produced by the Commonwealth and testified in Tanser's perjury trial. However, Garis did not testify, it being alleged that he could not be found. A transcript of the magistrate's hearing—which contained a part of the testimony which the stenographer considered to be important—which quoted Garis as saying "I admit this", was introduced into evidence by the Commonwealth, over the objection of the defendant, in order to prove beyond a reasonable doubt that Tanser had committed perjury in his testimony before the Grand Jury. Without this transcript, the evidence was insufficient to convict Tanser of the perjury with which he was charged. The Superior Court held that the transcript was admissible and sustained Tanser's conviction of perjury at the Grand Jury hearing.

In Russo's case, the stenographer who took some notes of testimony at the magistrate's hearing, and the stenographer who took the notes of testimony at the (indicting) Grand Jury hearing, were produced by the Commonwealth and testified in Russo's perjury trial. The magistrate's transcripts were introduced into evidence by the Commonwealth, over the objection of the defendant. Those transcripts showed that the persons who had been arrested for solicitation of sodomy neither admitted nor denied the charges. The Superior

Court correctly held that Russo could not be convicted of perjury as the evidence was insufficient or inadequate to prove that he had committed perjury at the time alleged in the indictment, namely, at the time he testified before the Grand Jury. The convictions of perjury cannot be sustained against either Tanser or Russo for reasons which will be hereinafter set forth.

The Commonwealth has the burden of proving *beyond a reasonable doubt* that Tanser was guilty of the crime with which he was charged in the bill of indictment, to wit, false swearing at the Grand Jury proceedings. Cf. *Commonwealth v. Homeyer,* 373 Pa. 150, 156, 94 A. 2d 743. The Commonwealth could prove its charge by evidence which was direct or evidence which was circumstantial, but the evidence must be legally competent and sufficient in volume and quality to prove that Tanser was guilty of the crime charged *beyond a reasonable doubt*: *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A. 2d 820; *Commonwealth v. Russo et al.,* 177 Pa. Superior Ct. 470, 111 A. 2d 359.

The so-called two witness rule in perjury cases prevails in Pennsylvania, i.e., in order to convict of perjury there must be two witnesses or one witness plus corroborating evidence: *Williams v. Commonwealth,* 91 Pa. 493; *Commonwealth v. Mudd,* 176 Pa. Superior Ct. 250, 107 A. 2d 599; *Commonwealth v. Sumrak,* 148 Pa. Superior Ct. 412, 25 A. 2d 605; *Commonwealth v. Gore,* 171 Pa. Superior Ct. 8, 90 A. 2d 405. This rule is comprehensively stated and pinpointed in *Commonwealth v. Billingsley,* 160 Pa. Superior Ct. 140, 50 A. 2d 703, which was affirmed by this Court in 357 Pa. 378, 54 A. 2d 705, on the opinion of Judge, now Justice ARNOLD. Judge ARNOLD said (pages 143-144):

"As to the fact that Billingsley had procured and instigated him to testify falsely, House was the only witness and was uncorroborated except as to the meet-

ing with Billingsley, which the latter admitted. Appellant therefore alleges that in both perjury and subornation of perjury no conviction can be had upon the testimony of *one** witness. The word 'perjury' is frequently used as synonymous with 'false testimony'. But the crime of perjury has a number of elements: (a) An oath to tell the truth must be taken by the accused, and (b) administered by legal authority, (c) in a judicial proceeding (or statutory affidavit). (d) The accused must have testified in such proceeding, and (e) his testimony must be material to the judicial proceeding. (f) *The testimony assigned as perjury must be false,* and (g) must be given wilfully, and corruptly, and with knowledge of its falsity (or given recklessly), and for the purpose of having it believed. As to none of these elements is there a requirement as to the quantity of proof except as to the falsity of the testimony, i.e., the assignment of perjury. *As to the falsity and as to it alone,* is there a rule that conviction may not be had upon the testimony of one witness."

However, where the defendant himself makes two conflicting statements under oath, the general rule does not apply. The exception, and the difficulty of proving even obvious perjury, is well stated in *Commonwealth v. Mudd,* 176 Pa. Superior Ct., supra (pages 253-254): "(1) We will assume arguendo that appellant's testimony before the grand jury was materially different from [or diametrically opposed to] his testimony before the magistrate. The conflicting statements establish that perjury was committed. The general rule that the Commonwealth must offer either two witnesses *to the falsity,* or one witness and corroboration, is not applicable where the defendant makes two

---

* Italics throughout, ours.

conflicting statements under oath: Commonwealth v. Sumrak, 148 Pa. Superior Ct. 412, 25 A. 2d 605. . . .

"(2) Although the making of two conflicting statements under oath establishes perjury, the Commonwealth nevertheless has the burden of adducing some *competent* evidence from which the jury may find *that the perjury was committed on the occasion charged in the indictment*: Commonwealth v. Sumrak, supra, 148 Pa. Superior Ct. 412, 25 A. 2d 605. 'When such statements are made under oath, there is no doubt that the person making them has committed perjury, *but the difficulty is as to which of the two statements is the false one*': Commonwealth v. Bradley, 109 Pa. Superior Ct. 294, 167 A. 471."

In *Commonwealth v. Bradley,* 109 Pa. Superior Ct., supra, the Court said (pages 296-298) : ". . . It has been repeatedly ruled that two or more contradictory statements of the defendant standing alone *without anything else* will not sustain a charge of perjury. The authorities to this effect are collected in L.R.A. 1917 C 58 and L.R.A. 1918, 927 and 21 R.C.L. 271. This is true whether such statements were made under oath or not, or whether they were spoken or contained in writing. When such statements are made under oath, there is no doubt that the person making them has committed perjury, but the difficulty is as to which of the two statements is the false one. 'A different question would be presented were it permissible to charge perjury in the alternative without being required to elect as between the two contradictory statements. The question, however, upon this hypothesis does not seem to have arisen in any reported case probably because the premise is untenable.'

". . . In Greenleaf on Evidence, Vol. 1, Section 259, it is said: 'If the evidence adduced in proof of the crime of perjury consists of two opposing statements

of the prisoner, and nothing more, he cannot be convicted.' . . ."

The Superior Court in the present case recognized the aforesaid principles and then said (page 481): "Appellant Tanser insists that in the trial of the charges against him the Commonwealth was bound to call Garis as its witness who was accused in the Morals Court of soliciting sodomy. He contends that he had *the right of confrontation* by Garis who made the statement in response to the officer's testimony and that a denial of that right made the magistrate's transcript inadmissible because of hearsay."

The Superior Court then held (1) that the Commonwealth was not obliged to produce Garis at the trial of Tanser and (2) that the magistrate's transcript was not hearsay and therefore was admissible in evidence and (3) that the transcript, together with all the other evidence in the case, was sufficient competent evidence "of the truth of Tanser's accusations made against Garis under oath at the time", viz., at the magistrate's hearing, and (4) that consequently, from the entire record, the jury could find that Tanser's testimony before the Grand Jury was perjury as charged in the indictment.

We agree with the Superior Court that the Commonwealth was not bound to produce Garis at Tanser's perjury trial, if it could produce other competent evidence which was sufficient to prove that Tanser committed the crime charged in the indictment. The Commonwealth sought to bridge the gap left by the disappearance of Garis by (we repeat) introducing in evidence, over Tanser's objection, a transcript of Garis's testimony at the magistrate's hearing. Assuming arguendo that this transcript would ordinarily be admissible as an exception to the hearsay rule, it is clear that it was inadmissible in the instant case, over

Tanser's objection, *because it violated Tanser's Constitutional right* of "meeting the witnesses face to face" at the trial of his perjury case. Article I, §9 of the Constitution of Pennsylvania provides that "In all criminal prosecutions *the accused* hath a right . . . to meet the witnesses face to face": *Commonwealth v. Johnson*, 348 Pa. 349, 35 A. 2d 312. This was the crucial basic, fundamental point which we believe was inadequately considered by the Superior Court. Garis was the accused, Tanser was not "the accused"* at the magistrate's hearing. If the transcript of Garis's testimony is excluded because it was improperly admitted in evidence, the evidence on behalf of the Commonwealth (proved that Tanser committed perjury but) was not legally sufficient to prove *beyond a reasonable doubt* that Tanser committed perjury at the time and place charged in the indictment, to wit, at the Grand Jury proceedings (instead of at the magistrate's hearing).

Many people possess the trait of being loose-tongued or willing to say something behind a person's back that they dare not or cannot truthfully say to his face or under oath in a Courtroom. It was probably for this reason, as well as to give the accused the right to cross-examine his accusers and thereby enable the jury to better determine the credibility of the Commonwealth's witnesses and the strength and truth of its case, that this important added protection was given to every per-

---

* We are not unmindful of §3 of the Act of May 23, 1887, P. L. 158, 19 PS §582, or of *Commonwealth v. Cleary*, 148 Pa. 26, 23 A. 1110; *Brown v. Commonwealth*, 73 Pa. 321; *Commonwealth v. Keck*, 148 Pa. 639, 24 A. 161; *Commonwealth v. Lenousky*, 206 Pa. 277, 55 A. 977; and *Commonwealth v. Ryhal*, 274 Pa. 401, 118 A. 358. These authorities were not referred to by the Superior Court or by the litigants probably because they are clearly distinguishable.

son accused of crime. We have no right to disregard or (unintentionally) erode or distort any provision of the Constitution, especially where, as here, its plain and simple language make its meaning unmistakably clear; indeed, because of the times in which we live we have a higher duty than ever before to zealously protect and safeguard the Constitution.

We reluctantly come to the conclusion that the Commonwealth must fail in this case for want of witnesses or of other competent and adequate evidence, and that the conviction of Tanser and Russo for perjury cannot be sustained.*

The judgment of sentence of Alan Tanser on Bill No. 645 for perjury is reversed. The judgments of sentence of Alan Tanser on all other bills of indictment, the judgments of sentence of Guy Russo and the judgments of sentence of Martin J. Scanlon and the Orders of the Superior Court thereon are affirmed.

---

* There are many other instances under our judicial system where an accused who is obviously guilty cannot be convicted because of some legal prerequisite which cannot be satisfied, e.g., a traitor cannot be convicted of treason unless there are two witnesses to the treason; an accused cannot be convicted of a crime where the Commonwealth's sole implicating witness disappears or recants his prior testimony or statements; an accused who is guilty of a crime cannot be convicted if the Commonwealth fails to convince all twelve jurymen that it has proved its case beyond a reasonable doubt; and even self-confessed murderers have gone free, because without their confessions the Commonwealth was unable to make out the prima facie case which the law requires. The net result in such cases is a miscarriage of justice. Nevertheless, Courts cannot ignore the Constitution or principles of law which have been firmly established for the protection of the innocent, even though these safeguards sometimes allow the guilty to escape punishment.

DISSENTING OPINION BY MR. JUSTICE ARNOLD:

The majority holds that the judgment of sentence as to Alan Tanser is reversed. I respectfully dissent and am of the opinion that Tanser was properly convicted, and that the judgment of sentence should be affirmed on the very able opinion of Judge WILLIAM E. HIRT, writing for a unanimous Superior Court.

In the case of Tanser he was charged with false swearing before a grand jury. It appeared that this defendant made two contradictory statements under oath, one before the committing magistrate and one before the grand jury. When such conflicting statements are made there is no doubt that the person making them has committed perjury, but the difficulty is as to which of the two statements is the false one: *Commonwealth v. Bradley,* 109 Pa. Superior Ct. 294, 167 A. 471. The problem is reduced to the question of determining whether there is *some* evidence from which the jury might find that the perjury was committed on the occasion charged in the indictment (in this case before the grand jury). The evidence necessary to identify the perjured statement may be either direct or circumstantial.

The Pennsylvania Constitutions of 1776, 1789, 1838 and 1873 all provided, in identical words, that the accused in a criminal prosecution had the right "to meet the witnesses face to face" etc.

The majority seems to hold that this right of confrontation is guaranteed by the constitutions of Pennsylvania except where the common law (unstated as to its time) overrules the subsequently enacted constitutional requirement of confrontation. In truth, whether the right of confrontation exists depends upon whether the subject matter offered in evidence is an exception to the rule of hearsay. If it is, there is no right of confrontation.

Surely the constitution of Pennsylvania does not have to yield to the common law as to a matter of confrontation. To say that it does means that there is no method by which the common law can be changed, either by statute or constitutional amendment. In my opinion this cannot be the law of Pennsylvania. The constitution can change or amend any rule of law. It therefore follows that the right of confrontation exists unless the subject matter is an exception to the rule of hearsay. Here the testimony before the magistrate was obviously admissible as an exception to the hearsay rule.

The Superior Court opinion clearly sets forth (*Commonwealth v. Russo et al.*, 177 Pa. Superior Ct. 470, 481, 111 A. 2d 359: "Appellant Tanser insists that . . . the Commonwealth was bound to call Garis as its witness who was accused in the Morals Court of soliciting sodomy. He contends that he had the right of confrontation by Garis . . . and that a denial of that right made the magistrate's transcript inadmissible because of hearsay. *This contention wholly misconceives the purpose of the offer of the transcript which contained the statement of what the alleged sodomist said at the preliminary hearing before the magistrate* . . . The Commonwealth was not obliged to produce him. The circumstances under which the two conflicting statements were made, which are involved in the Tanser case, throw light on the question as to which of them was false . . . The court did not err in admitting the magistrate's transcript in evidence or in allowing it to go out with the jury because of the statement of Garis appearing on the transcript. The Commonwealth had the right to develop all of the circumstances tending to prove that the sworn statement of this officer was true, when he testified that Garis, arrested for soliciting sodomy, was guilty of the charge.

In general if an utterance can be used as circumstantial evidence, the hearsay rule is not applicable. In this case what Garis said in admitting his guilt was admissible under the rule applicable to Vicarious Admissions, IV Wigmore on Evidence, 3rd Ed., §1069 et seq. (Cf. Becker v. Philadelphia, 217 Pa. 344, 348, 68 A. 564) as competent evidence of the truth of Tanser's accusations made against him under oath at that time. And although the stenographer had no independent recollection of the statement made by Garis before the magistrate, even when aided by her notes, yet she testified that what was said by him was accurately reported by her. Accordingly the memorandum itself appearing on the magistrate's transcript, which was made from her notes when what occurred at the hearings in the Garis case was fresh in her mind, was admissible for the above purpose under the rule of past recollection recorded. Christian Moerlein B. Co. v. Rusch, 272 Pa. 181, 116 A. 145. The record as a whole in the Tanser case was sufficient to identify the testimony before the grand jury as the perjured statement, as the jury found." (Italics supplied).

The majority opinion makes no attempt to answer the opinion of the Superior Court. Instead, it stands on the question of the defendant being entitled to confrontation, i.e., that Garis had to be called as a witness. Confrontation is the doctrine lying back of the hearsay rule. There are at least fourteen exceptions to the exclusion on the ground of hearsay, and the present case falls under the rule as to vicarious admissions stated by the Superior Court: IV Wigmore on Evidence, 3rd Ed., §1069 et seq., and as indicated in *Becker v. Philadelphia*, 217 Pa. 344, 348, 66 A. 564.

I would affirm the Superior Court.