Commonwealth *v.* Yanni et al., Appellants.

Argued June 13, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*W. Donald Sparks,* for appellant.

*Martin Vinikoor,* with him *Vinikoor, Fein, Criden and Johanson,* for appellant.

*Stanley M. Shingles,* Assistant District Attorney, with him *Joseph M. Smith,* Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, P. J., September 15, 1966:

These two cases were tried together and the appeals raise the same questions. For this reason they may be disposed of in one opinion.[1]

---

[1] There is precedent for this procedure, even had the defendants been tried separately. See *Com. v. Russo,* 177 Pa. Superior Ct. 470, 111 A. 2d 359, 388 Pa. 462, 131 A. 2d 83.

The charges of perjury against the two defendants arose out of the testimony given before a special grand jury in 1962, which was convened for the purpose of investigating alleged corrupt practices in the Philadelphia city administration. The defendants were summoned to testify as to their respective connections with an $8,000.00 zoning incident. Their testimony was extensive and the parts which the parties have considered relevant were made part of the record.

The investigating grand jury made no presentment recommending indictment of either of the defendants for any crime within the fields of its investigation, but it did make a presentment recommending the indictment of each of them for perjury, based upon their testimony before it. Accordingly, a regular indicting grand jury found an indictment that "the said A. Joseph Hertweck upon his oath aforesaid did wilfully, corruptly and falsely swear and testify in certain answers to questions asked of him in substance as follows: That he had never at any time associated with one Michael Yanni in any business matter; and that he had never at any time associated with Michael Yanni in and about premises Suite 1471 Suburban Station Building, Philadelphia; and that he had never at any time associated with the said Michael Yanni in a business named and called Federated Mortgagee Corporation."[2]

The cases were tried together without a jury before Reimel, J., who adjudged both defendants guilty as charged. Motions for arrest of judgment or for new trial were dismissed and each defendant was sentenced to serve not less than six months nor more than twenty-three months in the Philadelphia County Prison.

The elements of the crime of perjury were set forth in *Com. v. Billingsley,* 160 Pa. Superior Ct. 140, 50 A.

[2] A similar indictment was found against Michael Yanni with relation to his association with A. Joseph Hertweck.

2d 703, affirmed on the opinion of Judge (later Justice) ARNOLD in 357 Pa. 378, 54 A. 2d 705, as follows: "The word 'perjury' is frequently used as synonymous with 'false testimony'. But the *crime* of perjury has a number of elements: (a) An oath to tell the truth must be taken by the accused, and (b) administered by legal authority, (c) in a judicial proceeding (or statutory affidavit). (d) The accused must have testified in such proceeding, and (e) his testimony must be material to the judicial proceeding. (f) The testimony assigned as perjury must be false, and (g) must be given wilfully, and corruptly, and with knowledge of its falsity (or given recklessly), and for the purpose of having it believed. As to none of these elements is there a requirement as to the quantity of proof *except* as to the falsity of the testimony, i.e., the assignment of perjury. As to the falsity and as to it alone, is there a rule that conviction may not be had upon the testimony of one witness. The *falsity* of House's testimony in the civil trial was fully established not only by testimony of House himself, but by other witnesses and many corroborating circumstances. The remaining elements were susceptible of proof by the testimony of one witness." (Italics in original)

Stated tersely, to constitute perjury it must appear that (1) the oath was false; (2) the intention willful; (3) the proceedings judicial; (4) the party lawfully sworn; (5) the assertion absolute and (6) the falsehood material to the issue. The test which the Commonwealth must meet was set forth in *Com. v. Russo,* 388 Pa. 462, 466, 131 A. 2d 83, as follows: "The Commonwealth has the burden of proving *beyond a reasonable doubt* that Tanser was guilty of the crime with which he was charged in the bill of indictment, to wit, false swearing at the Grand Jury proceedings. Cf. Commonwealth v. Homeyer, 373 Pa. 150, 156, 94 A. 2d 743. The Commonwealth could prove its charge by

evidence which was direct or evidence which was circumstantial, but the evidence must be legally competent and sufficient in volume and quality to prove that Tanser was guilty of the crime charged *beyond a reasonable doubt*: Commonwealth v. Kloiber, 378 Pa. 412, 106 A. 2d 820; Commonwealth v. Russo et al., 177 Pa. Superior Ct. 470, 111 A. 2d 359." (Italics in original)

We have examined the record with extreme care and we do not believe that the Commonwealth has met that burden. In the first place, the indictment charges each defendant with falsely denying that he had associated with the other. The word "associate" undoubtedly has among its meanings that of "partner"; but manifestly it does not indicate a partnership conclusively, for a mere employee may be an "associate" of his employer. This frequently happens in law offices: *Smith v. Maine*, 260 N.Y.S. 409, 419. See also *Weir v. United States*, 92 F. 2d 634, 114 A.L.R. 481, where it was said: "The word 'associate' is not of uniform meaning but is, rather, vague in its connotation. In ordinary nomenclature it signifies, to connect closely or join with others in a common purpose, activity, or responsibility, to partake or share in a common design. It implies participation by each of the individuals, so united, in the achievement of a common purpose. In its general and ordinary sense it is said to signify confederacy or union for a particular purpose, good or ill, without any uniform discrimination as to precise meaning."

Both defendants testified at length before the investigating grand jury and replied to every question asked them. Both testified to many transactions which had taken place between them. Hertweck in particular was quite frank in his answers and if the district attorney had desired more specific replies, he should have asked direct questions. Yanni was more evasive than Hertweck but he was not asked any direct question upon which the indictment could rest. The indictment

does not state any particular testimony which was false but contents itself with charging that the defendants testified falsely "in substance."

Furthermore, the Commonwealth's evidence at the trial did not show that the answers which the defendants had given were false. The Commonwealth did not show by any witness, let alone two witnesses, that the defendants were associated *together* at 1471 Suburban Station Building or in the Federated Mortgagee Corporation.

We repeat the Commonwealth did not meet its burden of proof and it follows that the defendants' motions in arrest of judgment should have been sustained.

The judgment of sentence of Michael Yanni is reversed.

The judgment of sentence of A. Joseph Hertweck is reversed.

WRIGHT, J., would affirm the judgments below.