425 A.2d 734

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Anthony Robert MANGINI, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 1980.

Decided Feb. 5, 1981.

James L. Jubelirer, State College, for appellant.
Richard A. Hernan, Jr., Dist. Atty., for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This case has a lengthy history. On February 12, 1976, Jason Jones was murdered in his room at the Warren State Hospital where he was a patient. Appellant, Anthony R. Mangini, was tried for that murder and, on June 27, 1976, was convicted by a jury of murder in the first degree.

On direct appeal, this Court affirmed the conviction in an opinion written by this author. *Commonwealth v. Mangini*, 478 Pa. 147, 386 A.2d 482 (1978). In that opinion, we held, *inter alia*, that certain search warrants issued were supported by probable cause. We further declined to consider the competency of the key Commonwealth witness, Jessie Floyd Crossley, as that issue had been waived by trial counsel (who also served as direct appeal counsel).

Subsequently, new and present counsel filed a petition requesting a new trial under the Post-Conviction Hearing Act (PCHA), Act of January 25, 1966, 19 P.S. §§ 1180–1—1180–14 (since repealed, Act of April 28, 1978, P.L. 202, No. 53 § 2(a) [1397], effective June 27, 1980). PCHA counsel asserted the ineffectiveness of trial/appellate counsel in several particulars. A PCHA hearing was held in the Court of Common Pleas of Warren County following which the PCHA court denied the petition finding trial/appellate counsel to have been effective.

That denial was then reversed on appeal by a panel of the Superior Court.[1] *Commonwealth v. Mangini*, 50 Special Transfer Docket, Pittsburgh District 1979. The Superior Court held prior counsel ineffective for failing to either request a competency hearing or to enter an objection on the

1. The matter was originally appealed to the Supreme Court, but was transferred to the Superior Court panel (consisting of Judge Robert Van der Voort, Judge John E. Lavelle of the Court of Common Pleas of Schuylkill County and this author, the latter two jurists sitting by designation) by Supreme Court Order.

record to the witness Crossley's competency to testify. mem. opinion at 6. That court also found counsel's overall stewardship of the trial presented an overwhelming appearance of ineffectiveness. *Id.* at 6, n.2. Consequently, a new trial was ordered.

Prior to retrial, appellant filed a motion to suppress certain evidence. The Commonwealth responded with a motion to quash which motion was granted by the Court of Common Pleas of Centre County.[2] Also, a competency hearing had been held at which it was determined that the witness Jessie Floyd Crossley was incompetent to testify at the upcoming trial. The Commonwealth then filed a motion to adopt the prior testimony of that witness, which motion was also granted. Appellant Mangini appeals from both of these interlocutory orders, both of which have been certified by the lower court as involving a controlling question of law as to which there is substantial ground for difference of opinion and as to which immediate appeal may materially advance the ultimate termination of the matter. For the reasons stated below, we affirm the granting of the Commonwealth's motion to quash the suppression motion, and we reverse the granting of the Commonwealth's motion to adopt prior testimony.

## I. MOTION TO QUASH APPELLANT'S MOTION TO SUPPRESS EVIDENCE

Appellant's motion to suppress evidence asserted a so-called "four corners," argument, premised on Pa.R.Crim. Pro.R. 2003.[3] Essentially, this argument is that the probable

---

**2.** This case was transferred to Centre County, pursuant to a motion for change of venue. It is not clear what evidence was sought to be suppressed as neither the briefs of the parties, nor oral argument, specified the evidence. However, it is apparent that it is the same evidence that was the subject of appellant's motion to suppress at the first trial.

**3.** This rule provides, in relevant part:

(a) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. The issuing authority, in determining whether probable

cause to support a search warrant must appear on the face of (within the "four corners" of) the affidavits submitted to the issuing magistrate.

■ The lower court held that this argument had been finally disposed of by this Court in appellant's direct appeal. We agree, for, while prior counsel may not have employed the "four corners" language, and while this Court may not have specifically applied Rule 2003 to the affidavits, nevertheless our holding addressed the substance of that issue and found it lacking. We listed the ten items in support of probable cause set forth in the affidavits and concluded "there is no doubt that the search warrants issued were sufficiently supported by probable cause under the standards enunciated by this Court." 478 Pa. at 153–58, 386 A.2d at 485–87. (citation omitted).

Appellant maintains that our prior holding considered certain oral testimony and that, therefore, we went beyond the "four corners" of the affidavits. This misperceives the nature of the issue before us then. Counsel there had argued that item # 1 ("Tire imprints left at the scene are similar to imprints of the tires of the [automobile registered in the name of appellant's wife]") should play no part in our determination of probable cause as that item was discovered by a prior illegal search of appellant's automobile tires. We examined oral testimony to determine the legality of *that* challenged "search." Having found no illegal "search" within the ambit of Fourth Amendment protections (and thus finding item # 1 was proper) we then had no difficulty finding the search warrants had been supported by probable cause by the items listed. *Id.*, 478 Pa. at 158, 386 A.2d at 487. The merits of the "four corners" argument has, therefore, been finally litigated and the lower court properly quashed appellant's motion to suppress evidence.

cause has been established, may not consider any evidence outside the affidavits.

(b) At any hearing on a motion for the return or suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (a).

## II. MOTION TO ADOPT PRIOR TESTIMONY

Appellant also contends that adoption at the retrial of Jessie Floyd Crossley's testimony from the prior trial is improper as it denies him his constitutional right of confrontation, U.S.Const. amend. VI, Pa.Const. art. I, Section 9, and perpetuates the ineffective assistance of prior trial counsel. The issue can be stated thusly: Whether prior trial testimony of a witness who is presently unavailable may be introduced in a criminal trial where defense counsel at the prior trial has been found ineffective for, *inter alia*, failure to either request a competency hearing for that witness or to lodge an objection to his competency on the record? The relevant facts are as follows:

At the original trial, Jessie Floyd Crossley was the key prosecution witness—without his testimony, the Commonwealth case consisted entirely of circumstantial evidence which, for the most part, was as consistent with innocence as with guilt. As the Superior Court panel stated, "[i]t could fairly be said that, without [Crossley's testimony], there was no case." mem. opinion at 3.

Despite knowledge that Jessie Crossley was a paranoid-schizophrenic who believed he was an F.B.I. agent at the time of the murder and was taking 80 milligrams of stelazine (an antipsychotic drug that can produce blurred-vision) daily, counsel did not request a competency hearing nor did he lodge an objection to Crossley's competency on the record. The PCHA court, however, found that counsel had instead chosen a reasonable "alternative" strategy designed to effectuate his client's interests, namely he chose to attempt to discredit the witness on cross-examination.

The Superior Court correctly rejected his "reasonable basis" as "even if counsel's tactic was deliberate, it was ineffective to effectuate his client's interest." mem. opinion at 5. That court stated:

Initially, it must be noted that an objection to the competency of the witness would at least have been of arguable merit under prior competency cases of the Supreme Court. *See Commonwealth v. Ware*, 459 Pa. 334,

329 A.2d 258 (1974) and *Commonwealth v. Garcia*, 478 Pa. 406, 387 A.2d 46 (1978). Counsel could have raised this objection, or requested a competency hearing, without prejudice to his ability to pursue his other alternative, i. e. attempting to discredit the witness on cross.

This was *not* a case where counsel had two alternatives that were contradictory or mutually exclusive. In such a case, counsel must necessarily choose one or the other alternative. This case presents, instead, the situation where counsel has two alternatives, *both* of which are available to him. Counsel could have attempted to [first] disqualify the witness. (Indeed, the PCHA transcript reveals that counsel admitted he did not want Crossley to testify at all—this admission factually contradicts the PCHA court's supposed "reasonable basis."). If he succeeded in this attempt, there would be no need to pursue the less certain method of discrediting the witness on cross. If he failed in the attempt, he still could fall back on cross-examination. There was no reason offered at the PCHA hearing, nor in the opinion of the PCHA court, as to why that first [obviously more desirable] alternative was ignored other than counsel felt the second alternative would work. There is no reasonable basis under these circumstances, for, deliberately eschewing one weapon (out of two available) when both can be used. mem. opinion at 5–6.[4]

Moreover, counsel's overall stewardship of the case was examined and found

to be fraught with ethical improprieties regarding fees and expenses (e. g., counsel charged appellant over $2,000.00 for an expert photographic witness *which he never obtained*). These improprieties present an overwhelming appearance of ineffectiveness as they clearly demonstrate counsel's concern for his wallet to the detriment of his client's case. Counsel, Robert Huhta, has

---

**4.** It is clear from this passage that, while the Superior Court sometimes referred to counsel's "alternatives", the two strategies examined were not "alternatives" at all. Rather, they were distinct and independent tactics.

since been disbarred by the Supreme Court for improprieties of a similar nature regarding other clients." mem. opinion at 6.

■ Considering the entire record before us of all prior proceedings, the use in the present trial of the very testimony which has been indelibly stamped with prior counsel's ineffectiveness is offensive to our sense of justice and the notion of fair play. Generally, by statutory and case law, prior testimony of a criminal prosecution witness can be introduced at a later trial where that witness is then unavailable, and where the defendant has been present at the prior proceeding and has had an opportunity to examine or cross-examine the witness. *See* 42 Pa. C.S.A. § 5917, Notes of evidence at former trials (Supp. Pamphlet),[5] and *e. g., Lepley v. Lycoming County Court of Common Pleas*, 481 Pa. 565, 393 A.2d 306 (1978). The statute, in part, is a codification of exceptions to the normal hearsay rules. *See Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). However, this "exception" is not absolute and must, when the situation arises, be weighed against countervailing principles.[6] Any procedural and evidentiary system must conform to the requirements of fundamental fairness and due process. *Lepley v. Lycoming County, supra*, 481 Pa. at 571,

5. This section provides as follows:
   Whenever any person has been examined as a witness, either for the Commonwealth or for the defense, in any criminal proceeding conducted in or before a court of record, and the defendant has been present and has had an opportunity to examine or cross-examine, if such witness afterwards dies, or is out of the jurisdiction so that he cannot be effectively served with a subpoena, or if he cannot be found, or if he becomes incompetent to testify for any legally sufficient reason properly proven, notes of his examination shall be competent evidence upon a subsequent trial of the same criminal issue. For the purpose of contradicting a witness the testimony given by him in another or in a former proceeding may be orally proved.

6. "The real basis for the admission of testimony given by a witness at a former trial is to prevent the miscarriage of justice where the circumstances of the case have made it unreasonable and unfair to exclude the testimony. It naturally follows that testimony from the former trial should not be admitted if to do so would result in a miscarriage of justice." 29 Am.Jur.2d Evidence, § 738, Evidence at former trial or proceeding—Generally.

393 A.2d at 307. The issue in this case—the admissibility of prior testimony tainted by counsel's ineffectiveness—illustrates the "growing concern that gamesmanship too often may govern the conduct of criminal proceedings, resulting in a general obfuscation of issues." *Id.*, 481 Pa. at 571–72, 393 A.2d at 309, citing ABA Project on Standards for Criminal Justice Relating to Discovery and Procedure before Trial, Comment to § 1.1 at page 31.

■ Thus, it has been held, by this Court as well as the United States Supreme Court, that the rule allowing prior testimony of an unavailable witness will not prevail where the prior testimony was not subject to full opportunity for cross-examination, *see, e. g., Commonwealth v. Lenousky,* 206 Pa. 277, 55 A. 977 (1903) (prior testimony of unavailable witness not permitted where defendant was uncounseled at prior criminal proceeding); *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (same).

■ In a related area, the United States Supreme Court has refused to allow the introduction of prior convictions to impeach the credibility of a defendant who takes the stand even though use of such convictions were otherwise valid under the applicable state statute where that defendant had been uncounseled in the prior criminal trials. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The *Burgett* court reasoned "[t]he admission of a prior criminal conviction which is constitutionally infirm . . . is inherently prejudicial . . . . Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect *suffered anew from the deprivation of that Sixth Amendment right." Id.* at 115, 88 S.Ct. at 262. (emphasis added).

■ As the right to counsel necessarily includes the right to *effective* representation, *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967) and *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), it is clear that the *Burgett* reasoning applies to the instant case. Introduction of Jessie Floyd Crossley's prior

testimony at appellant's retrial would once again saddle appellant with the burden of his prior counsel's ineffectiveness—fundamental fairness will not permit this. There is no way we can go back to that first trial in 1976. Even though there are strong indications that Jessie Floyd Crossley may have been incompetent to testify at that time, first trial counsel's ineffectiveness forever precludes this, or any, tribunal from making a 1976-competency determination.[7]

We caution that our holding today is not a per se rule requiring exclusion of any testimony from a prior trial wherein trial counsel had been ineffective. All of the factual variables of each case must be examined to determine if the ineffectiveness so tainted the testimony sought to be introduced as to affect its reliability or to otherwise render its subsequent use unfair.[8]

The Commonwealth asserts there is no constitutional infirmity as appellant had a full and adequate opportunity to cross-examine Jessie Floyd Crossley at the prior trial and as appellant does not argue that *that* cross-examination was inadequate. We do not quarrel with the argument in the abstract, but note this constitutional exception is predicated on the "indicia of reliability" normally afforded by adequate cross-examination. *Id.* 408 U.S. at 213, 92 S.Ct. at 2313;

7. Thus, we will not consider the lower court's purported 1980 finding of the witness' 1976-competency. To prove today Crossley's competency four years ago is simply too onerous a burden to place on appellant.

8. For example, in *Mancusi v. Stubbs*, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972), the defendant had been convicted in 1954 in the state of Tennessee. Nine years later, the conviction was overturned and a new trial ordered because a federal district court found counsel ineffective under an apparent per se rule of ineffective assistance that was conclusively presumed from the short interval of time (four days) that had elapsed between appointment of counsel and the date of trial. Despite the defendant's urging that the ineffectiveness required a finding that the cross-examination was inadequate, the Court relied on the judgment of the Supreme Court of Tennessee which expressly determined the prior cross-examination of the witness had been adequate. Accordingly, the Court held the prior testimony admissible as the defendant "was represented by counsel who could and did effectively cross-examine prosecution witnesses." *Id.* at 213–14, 92 S.Ct. at 2313.

*Dutton v. Evans, supra,* at 89, 91 S.Ct. at 219. Where such indicia are lacking, as in the instant case, the exception is no longer permissible.

For the foregoing reasons, the order of the Court of Common Pleas of Centre County granting the Commonwealth's motion to quash appellant's motion to suppress evidence is affirmed; the order of the Court of Common Pleas of Centre County granting the Commonwealth's motion to adopt prior testimony is reversed; and the case is remanded for proceedings consistent with this opinion.

ROBERTS and NIX, JJ., concurred in the result.