## Commonwealth v. Minnich

*George E. Christianson, District Attorney*, for Commonwealth.

*Keith L. Kilgore, Assistant Public Defender*, for defendant.

GATES, *P.J.*, January 5, 1977—John Minnich was convicted by a jury of violating the false swearing prohibition of Pennsylvania's Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §4903(a)(1), (2).

Minnich now wants the judgment arrested or, in the alternative, he would like a new trial because he claims that the Commonwealth failed to sustain the burden of proof inasmuch as it did not produce two witnesses to the falsity of the sworn statement. Minnich is off-base.

The Commonwealth produced a case which the jury must have believed. The Commonwealth only used one witness, Officer Capello.

Capello is a police officer attached to the detective division of the Lebanon City Police Department. In February of 1975, he was investigating a theft from the Palace Sandwich Shop on North Seventh Street in the City of Lebanon which occurred on February 17, 1975.

On the next day, February 18, 1975, Capello had occasion to talk to Minnich at the Lebanon City Police Department. Minnich told Capello that Charles Ditzler was with him the previous night and that he had seen Ditzler take a cash register

from the Palace Sandwich Shop and leave the building with it. This statement was then put into the form of a typewritten statement and was signed by Minnich and sworn to before a notary public.

As a result of this statement Capello charged Ditzler with theft. The theft case came before Justice Anspach for a preliminary hearing on March 27, 1975. At that hearing Minnich was called as a witness and under oath testified that Ditzler did not take the cash register from the Palace Sandwich Shop and that the sworn statement he had given on February 18, 1975, was a lie.

The Pennsylvania Crimes Code prohibits false swearing in section 4903 which provides as follows:

"(a) . . . A person who makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of such a statement previously made, when he does not believe the statement to be true is guilty of a misdemeanor of the second degree if: (1) the falsification occurs in an official proceeding; or (2) the falsification is intended to mislead a public servant in performing his official function."

The crime of false swearing in official matters is new law in Pennsylvania. It is something less than what is known as perjury which is governed by section 4902 of the Crimes Code. The so-called two-witness rule may still be applicable in prosecutions for perjury under section 4902 although that matter has not yet reached our appellate courts. But our appellate courts have yet to interpret the two-witness rule as it may or may not apply to the false statement prohibition described in section 4903. The comment to the Model Penal Code notes that this section makes it a lesser offense than perjury to swear falsely in situations where the neces-

sary elements required for a conviction of the felony of perjury do not exist. But it is apparent that the facts in this case fit the elements of the new crime of false swearing as snuggly as the shoe fit Cinderella.

Even if the two-witness rule were applicable to the offense charged here, the Commonwealth's case qualifies for the well-established exception to the rule. It has been repeatedly held that the two-witness rule as to the proof of perjury has no application where there is proof that the defendant made two contradictory statements under oath: Com. v. Bradley, 109 Pa. Superior Ct. 294, 167 Atl. 471 (1933); Com. v. Sumrak, 148 Pa. Superior Ct. 412, 25 A. 2d 605 (1942); Com. v. Russo, 177 Pa. Superior Ct. 470, 111 A. 2d 359 (1955).

In this case Minnich made a false statement either before a notary public on February 18, 1975, or at the hearing before Justice Anspach on March 27, 1975. There is no room for equivocation in law or in fact. One of the statements was false. Both were made during the course of an official proceeding. Society's object in punishing those who give officials factual information knowing it is false and swearing that it is true has been served by the jury's verdict. There is no reason to arrest the judgment or to award Minnich a new trial.

## ORDER

And now, January 5, 1977, defendant's post-trial motions are refused and defendant is ordered to appear before us for sentencing in courtroom no. 2 on January 17, 1977, at 9:30 a.m.