J-S32006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL WEATHERS | : | |
| | : | |
| Appellant | : | No. 14 MDA 2025 |

Appeal from the PCRA Order Entered December 9, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005545-2013

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.: **FILED: OCTOBER 1, 2025**

Russell Weathers appeals *pro se* from the order, entered in the Court of Common Pleas of Dauphin County, dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA). **See** 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court succinctly set forth the relevant factual and procedural history of this case as follows:

In 2013, [Weathers] was charged with two counts of aggravated assault and one count of simple assault arising from a physical attack on his girlfriend. Following a trial, [Weathers] was convicted of all charges. On March 10, 2015, [Weathers] was sentenced to a period of incarceration of 108 months to 240 months [for] aggravated assault. For sentencing purposes, the [remaining] two counts merged[.] Weathers was prohibited from any contact with the victim. The Pennsylvania Superior Court affirmed [Weathers'] judgment of sentence on August 2, 2016, and the [Pennsylvania] Supreme Court denied [Weathers'] petition for allowance of appeal on February 22, 2017. [Weathers]

---

[*] Former Justice specially assigned to the Superior Court.

filed a timely PCRA [p]etition[1] on February 26, 2018. [After issuing notice of its intent to dismiss the petition without a hearing, *see* Pa.R.Crim.P. 907, the] petition was ultimately dismissed by order dated October 9, 2018, and a timely notice of appeal was filed. The dismissal was affirmed by the Superior Court on July 19, 2019. [*See Commonwealth v. Weathers*, 1826 MDA 2018 (Pa. Super. filed July 19, 2019) (unpublished memorandum decision).] [Weathers] filed the instant PCRA [p]etition[2] on May 7, 2024, and an amended petition on August 26, 2024.

PCRA Court Opinion, 2/20/95, at 1. On October 29, 2024, the PCRA court issued Rule 907 notice of its intent to dismiss Weathers' petition without a hearing. Weathers did not respond to the notice.

On December 9, 2024, the PCRA court dismissed Weather's petition as untimely and also concluded that Weathers' claims had been previously litigated. *See* 42 Pa.C.S.A. § 9544(a). Weathers filed a timely *pro se* notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Weathers presents the following issues for our consideration:

(1) Whether the PCRA court erred in not holding a hearing as [Weathers'] PCRA claim could not be rejected without resolving disputed issues of material facts that had not been

---

[1] On collateral appeal from the dismissal of his first petition, Weathers raised the following issues: (1) after-discovered evidence pursuant to 42 Pa.C.S.A. § 9543(a)(2)(vi) due to discovery of [the victim's] 2017 conviction for false reporting; (2) the discovery of *ex parte* communications [among] the Commonwealth, magisterial district judge, the trial court, and [the victim]; (3) the PCRA court's two denials of [Weathers'] requests for discovery; and (4) ineffective assistance of trial counsel for failing to call alibi witnesses. *See Weathers*, *supra* at 6.

[2] Weathers improperly titled this petition as an "Amended Petition Pursuant to Pa.R.Crim.P. [] 905." *See* Trial Court Docket Entry #11, 5/7/24.

addressed at a prior evident[i]ary hearing in this case. Pa.Crim.P. 908(A)(2).

(2) Whether the PCRA court erred in not granting [Weathers'] meritorious **Brady** violations claims concerning newly discovered evidence[, **see**] **Brady v. Maryland**, 373 U.S. 83 [] (1963)[,] based on receiving [the victim's s]entencing [t]ranscripts/[g]uilty [p]ea to [r]eporting [f]alse accusations of domestic abuse.

(3) Whether the PCRA court erred in not acknowledging and accepting a meritorious newly discovered facts claim in accordance with **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)[,] based on facts discovered for the first time and attained by receipt of alleged victim/witness['s]entencing [t]anscripts and [a]ffidavit of [p]robable [c]ause disclosing her admittance/conceding and guilty plea to reporting false accusations of domestic abuse.

(4) Whether the PCRA court erred in not granting a meritorious miscarriage[-]of-justice claim based on **Commonwealth v. Lawson**, 549 A.2d 107, 112 (Pa. 1988)[,] by way of omissions and commissions that undermined the reliability of the outcome of the trial proceeding as well as actual innocence.

(5) Whether the PCRA court erred in not applying 42 Pa.C.S.A. § 323 [] to review all of [Weathers'] asserted claims based on their merit[, **see**] **Commonwealth v. Moore**, 548 A.2d 1250, 1257 n.13 (Pa. Super. 1988), by [not] holding a PCRA hearing *nunc pro tunc*.

(6) Whether the PCRA court erred in violating [Weathers'] asserted [s]ubstantive [d]ue [p]ocess [c]lause [r]ights under U[nited] S[tates] Constitutional Amend[ment] 14, in not providing requirements to fundamental fairness concerning [Weathers'] claims by [not] holding a[n] evidentiary hearing based on the merits of [Weathers'] claims[, **see**] **Commonwealth v. Mangini**, 425 A.2d 734, 738 [] (Pa. 1981), *inter alia*, or holding a PCRA hearing *nunc pro tunc*.

(7) Whether the PCRA court erred in violating [Weathers'] [e]qual [p]rotection [r]ights by not applying said rights to [Weathers'] claims[, **see**] **Village of Willowbrook v. Olech**, 528 U.S. 562, 564 (2000), *inter alia*, as he is similarly situated to all case law cited by him.

- 3 -

(8)     Whether the PCRA court erred in it[]s failure to apply stare decisis standard as presented by [Weathers] in this matter. [*See*] *Tincher v. Omega Flex Inc.*, 104 A.3d 328, 352 (Pa. 2014)[.]

(9)     Whether the PCRA court erred in not adhering to Pennsylvania Supreme Court and United States Supreme Court [p]receden[t] as presented by [Weathers] as cases presented within [Weathers'] PCRA [petition] and [n]otice of [i]ntent [t]o [d]ismiss [r]esponse asserting Sup[r]emacy Clause adherence. [*See*] *Commonwealth v. Claitt*, 311 A.2d 922, 925 (Pa. 1973)[.]

Appellant's Brief, at 4-5.

When reviewing an order dismissing a PCRA petition, we must "determine whether it is supported by the record and is free of legal error." *Commonwealth v. Cousar*, 154 A.3d 287, 296 (Pa. 2017). Furthermore, we note:

> [T]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied there are no genuine issues concerning any material fact, the [petitioner] is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, a [petitioner] must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Id.* at 297 (citations and some punctuation omitted).

Before we may address Weathers' issues on appeal, we must first determine whether the PCRA court had jurisdiction to consider his PCRA petition. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also*

- 4 -

*Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the timeliness requirement, set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). These exceptions include interference by government officials in the presentation of the claim, newly discovered facts or evidence, and an after-recognized constitutional right. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

Where the petition alleges, and the petitioner proves, that an exception to the time limit for filing the petition is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must "be filed within one year of the date the claims could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[3] The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157, 1158 (Pa. 2003).

Here, Weather's judgment of sentence became final on May 22, 2017, when the time expired for him to file a writ of certiorari with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Sup. Ct. R. 13 (90 days to file writ of certiorari with United States Supreme Court following denial of state supreme court's petition for allowance of appeal). Thus, Weathers had until

---

[3] Subsection 9545(b)(2) of the PCRA was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Here, the one-year time limit in subsection 9545(b)(2) applies to Weathers' petition, where his claim arose on November 30, 2017, the date of the victim's sentencing in the unrelated case.

May 22, 2018, to file a timely PCRA petition. The current petition, filed on May 7, 2024, is, therefore, patently untimely. Unless Weathers pled and proved a timeliness exception to the PCRA time-bar, the PCRA court had no jurisdiction to consider the merits of his petition. *See Commonwealth v. Jackson*, 30 A.3d 516 (Pa. Super. 2011) (if PCRA petition deemed untimely and no exception pled and proven, petition must be dismissed without hearing because court lacks jurisdiction to consider merits of petition).

Instantly, Weathers asserts the newly discovered fact exception to claim that he is entitled to an evidentiary hearing on his issues. In particular, he claims that the "alleged victim/witness[']s sentencing transcripts and affidavit of probable cause disclosing her admittance/conceding and guilty plea to reporting false accusations of domestic abuse" were discovered for the first time on May 4, 2023, and that he exercised due diligence in obtaining the transcripts because, "as a *pro se* prison litigant, [he] did not have access to the aforementioned public information due to h[is] unique set of circumstances presented by way of incarceration." Appellant's Brief, at 8. Weathers argues that the guilty plea/sentencing transcripts from the victim's unrelated criminal matter confirm the fact that she falsely accused him of aggravated assault and that "there is no other credible evidence . . . aside from [the victim's] attestations of assault . . . for a reasonable juror to have found him guilty beyond a reasonable doubt." *Id.* at 16. Weathers is entitled to no relief.

> The timeliness exception set forth in [subs]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts

- 6 -

upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, [] 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, [] 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, [] 781 A.2d 94, 98 ([(Pa.)] 2001); ***Commonwealth v. Monaco***, [] 996 A.2d 1076, 1080 (Pa. Super 2010)[.] This rule is strictly enforced. ***Id.*** Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, [] 947 A.2d 714, 720 ([(Pa.)] 2008)[.]

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015). In other words, the "new facts" exception at:

> subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown and (2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

***Bennett***, ***supra*** at 1272 (internal citations omitted) (emphasis in original). Thus, the "new facts" exception at [subs]section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim. ***Id.*** at 1271.

Instantly, Weathers asserts that he was unable to obtain the victim's sentencing transcripts in the unrelated case "until May 4, 2023[,] which is well over five (5) years *after* the filing of his first initial PCRA petition [and that he] did not have prior knowledge of [the victim's s]entencing [t]ranscripts confirming her pleas, conviction[,] and sentence [] nor any access to said

transcripts prior to his receipt thereof on May 4, 2023." Appellant's Brief, at 16. Weathers also claims that this evidence is exculpatory, non-cumulative, and was unavailable at the time of his trial. *See id.* at 15, 20.

Notably, in his prior PCRA petition, filed in February 2018, Weathers was aware that on November 30, 2017, the victim had entered a guilty plea for false reporting in an unrelated matter.[4] Moreover, Weathers previously knew the trial court docket number (CP-21-CR0002728-2017) of that matter and attached to his appellate brief on collateral appeal the docket sheet for that case, which includes two entries listing that the victim entered a guilty plea for false reporting on November 30, 2017, and that the victim was sentenced on that same date. Accordingly, Weathers' "newly discovered facts" are nothing more than a new source of previously known facts, **Bennett**, **supra**, and do not satisfy the newly discovered facts exception under the PCRA. **See** Appellant's Brief, at 16 (Weathers stating guilty plea/sentencing transcripts "confirm[] her plea[,] conviction and sentencing for the charges of [f]alse

_____

[4] On collateral appeal from the denial of his first PCRA petition, our Court affirmed the trial court's determination that Weathers' after-discovered evidence allegation—that the victim's July 2017 conviction of falsely accusing another man in an unrelated matter of domestic assault proves Weather's innocence—was offered solely for impeachment purposes and, thus, did not entitle Weathers to PCRA relief. **See Commonwealth v. Cobbs**, 759 A.2d 932, 934 (Pa. Super. 2000). Furthermore, our Court concluded that not only would the evidence not prove Weathers' innocence, but it would also not result in a different verdict. At trial, an eyewitness testified that he saw a man, whom he later identified as Weathers, "throw [a] woman to the ground and beg[i]n assaulting her. [H]e [then] saw the male punching and kicking the female [in the street and later] saw the assault stop and the male jump into the passenger side of a cab and leave [the scene]." **See Weathers**, 1826 MDA 2018, at 3; **see also** N.T. Jury Trial, 2/9/15-2/11/15, at 178-83.

[r]eports to [l]aw [e]nforcement [a]uthorities-[f]alsely [i]ncriminating [a]nother").

Similarly, Weathers' attempt to argue that these facts constitute after-discovered evidence has already been litigated when he raised the same issue—that the victim's 2017 conviction for false reporting proves his innocence—before this Court in his first collateral appeal. **See Weathers**, 1826 MDA 2018, at 6-7. **See also** 42 Pa.C.S.A. § 9544(a)(3).

Finally, Weathers' attempt to obtain PCRA relief by relying on **Brady** and **Small** is of no avail. **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (to prove **Brady** violation under PCRA, "petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the **information could not have been obtained earlier with the exercise of due diligence**") (emphasis added); **see also Small**, 238 A.3d at 1286 (operative "facts" under newly-discovered facts exception **must "be 'unknown' to the petitioner'"**) (emphasis added). Accordingly, the PCRA court's findings are supported by the record and, as such, we conclude that the court correctly dismissed Weathers' untimely petition, without an evidentiary hearing, for lack of jurisdiction. **Cousar**, **supra**; **Robinson**, **supra**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2025